IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIANNA WOMACK, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-1017-S-BW | |
| § | | |
| SOUTHWEST CREDIT SYSTEM, L.P.,§ | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received from Brianna Womack on April 24, 2025. (Dkt. No. 4.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss this case without prejudice unless Womack pays the $405.00 filing and administrative fees by May 20, 2025, or by some other deadline established by the Court.

**I. LEGAL STANDARDS AND ANALYSIS**

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when she submits an affidavit establishing her financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue financial hardship, the Court must examine the applicant's financial condition. *See*

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

*id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Womack's application shows that her average monthly income during the past 12 months was $10,000 per month and that she has $450 in cash and two dependents. (*See* Dkt. No. 4 at 1-3.) She reports monthly expenses of $1,000 for rent, $350 for utilities, $500 for food, and a total of $375 for clothing, laundry, and medical and dental expenses. (*Id.* at 4.) She states that she expects major changes to her income because her contract employment ended on April 23, 2025, instead of May 2, 2025. (*See id.* at 5-6.)

Based on this information, the Court should find that Womack has failed to show that payment of the $405.00 filing and administrative fees would cause her undue financial hardship. Womack's contracted employment ended only nine days before schedule, and the monthly expenses Womack reports total $2,225 per month, which is over $7,000 less than her household's reported average monthly income over the last 12 months. Accordingly, the Court should deny Womack's application to proceed in forma pauperis.

## II.  RECOMMENDATION

The Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received on April 24, 2025 (Dkt. No. 4), and dismiss this case without prejudice unless Womack pays the $405.00 filing

and administrative fees by May 20, 2025, or by some other deadline established by the Court.

**SO RECOMMENDED** on April 29, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).